UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER TOURNOIS,

                        Plaintiff,

        v.

WATERLOO PREMIUM OUTLET/SIMON PROPERTY
GROUP, INCORPORATED,

                   Defendant.

_____

**DECISION AND ORDER**

**No. 12-CV-6501T**

## INTRODUCTION

Peter Tournois ("Plaintiff") brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL"), alleging retaliation for engaging in a protected activity against his employer, Waterloo Premium Outlet/Simon Property Group, Incorporated ("Defendant"). Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), contending that Plaintiff has failed to state a plausible claim for relief. Plaintiff opposes the motion and also seeks to amend his complaint to include additional allegations of retaliation.[1] For

_____

[1] As of the date that the parties' papers were submitted, Plaintiff had requested, but had not yet received, a notice of his right to sue from the Equal Employment Opportunity Commission ("EEOC") based on the additional allegations that are included in the proposed amended complaint. In the interest of judicial economy, this Court will evaluate the proposed amended complaint, as Plaintiff has filed a complaint with the EEOC and has requested a notice of right to sue based on the additional allegations, which are related to the allegations in the original complaint. See Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist., 180 F.3d 468, 474 (2d Cir. 1999)("a plaintiff's failure to obtain a

the reasons discussed herein, Defendant's motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Plaintiff's proposed amended complaint, and they are assumed to be true for the purposes of this motion and are construed in the light most favorable to Plaintiff, the non-moving party. Dkt. No. 13-2, Ex. A. Plaintiff began working for Defendant in September 2008 as a maintenance/custodian worker and is currently an employee of Defendant. Id. at ¶ 8. Plaintiff alleged that since he began working for Defendant, a male co-worker subjected him to "improper and inappropriate touching, name calling, and singling out for poor treatment." Id. at ¶ 11. Based on this conduct, he believed that he had been subjected to an "unlawful hostile environment based on sex." Id. at ¶ 10.

Plaintiff alleges that he complained to his supervisor, Perry Cleaveland, on numerous occasions, but no remedial action was taken. Id. at ¶ 12. On June 27, 2011, he complained to Human Resource Director Pam Biondio, who directed him to contact Patti Matteson regarding his complaint. Id. at ¶¶ 13-14. Plaintiff alleges that six weeks later, after no remedial action was taken by Cleaveland, Biondio, or Matteson, Plaintiff made a second complaint

---

notice-of-right-to-sue-letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court").

to Matteson.  Id. at ¶ 16.  Plaintiff alleges that, in retaliation for his complaints of discrimination, he received a disciplinary memorandum.  Id. at ¶ 17.

On May 15, 2012, Plaintiff filed a charge of unlawful discrimination with the  Equal Employment Opportunity Commission ("EEOC") alleging unlawful retaliation.  Id. at ¶ 20.  On September 19, 2012, he filed this lawsuit with the district court alleging that he was retaliated against for engaging in a protected activity.  Id. at ¶ 22.  Since filing his EEOC claim and commencing this lawsuit, Plaintiff alleges that he has been subjected to further adverse actions.  He alleges that his co-workers are permitted to change their work hours, but that he was "admonished" when he did the same on one occasion.  Id. at ¶ 25.  Plaintiff also alleges that he "is constantly being followed by management and his vehicle is being examined, photographed by General Manager Karen Dodson," and that Dodson "constantly mock[s] [him] in front of other co-workers and humiliat[es] him."  Id. at ¶¶ 26-27.

## DISCUSSION

### I.  Standard of Review

Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  See Ruotolo v. City of New York, 514

F.3d 184, 188 (2d Cir. 2008)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  In considering a Rule 12(b)(6) motion to dismiss, the Court "'must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'"  <u>See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.</u>, 517 F.3d 104, 115 (2d Cir. 2008)(quoting <u>Gorman v. Consol. Edison Corp.</u>, 488 F.3d 586, 591-92 (2d Cir. 2007)). However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations."  <u>See, e.g.</u>, <u>In re NYSE Specialists Sec. Litig.</u>, 503 F.3d 89, 95 (2d Cir. 2007)(citation omitted).  The court is also not required to credit conclusory statements unsupported by factual allegations.  <u>See, e.g.</u>, <u>Otor, S.A. v. Credit Lyonnais, S.A.</u>, 2006 U.S. Dist. LEXIS 64885, at *9 (S.D.N.Y. Sept. 11, 2006); <u>see also</u> <u>Davey v. Jones</u>, 2007 U.S. Dist. LEXIS 35965, at *5-6 (S.D.N.Y. May 11, 2007)(citation omitted)("[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.").

Further, in reviewing a motion to dismiss under Rule 12(b)(6), "the district court is normally required to look only to the allegations on the face of the complaint."  <u>See Lukowski v. County of Seneca</u>, 2009 U.S. Dist. LEXIS 14282, at *10 (W.D.N.Y. Feb. 24, 2009)(quoting <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007)). The Court may consider a document not appended to the complaint if

the document is "incorporated in [the complaint] by reference" or
is a document "upon which [the complaint] solely relies and... is
integral to the complaint." See id. (quoting Cortec Indus., Inc.
v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)).  Thus, this
Court considered Plaintiff's complaint and the alleged "Correctable
Offenses" memo, upon which Plaintiff's complaint relies, that was
submitted with Defendant's Motion to Dismiss and with Plaintiff's
answering papers.  Pl.'s Proposed Am. Compl. at ¶ 17; Dkt. No. 12-
1, Ex. B.

        Plaintiff's first cause of action alleges retaliation under
Title VII, and his second cause of action alleges retaliation under
the NYSHRL.  Pl.'s Proposed Am. Compl. at 8-11.  Claims brought
under the NYSHRL are analyzed under the same standard as those
brought under Title VII.  See, e.g., Miller Brewing Co. v. State
Div. Of Human Rights, 66 N.Y.2d 937 (1985).  Plaintiff's NYSHRL and
Title VII claims will therefore be addressed simultaneously.  See
Lueck v. Progressive Ins., Inc., 2009 U.S. Dist. LEXIS 96492 at *7,
n. 2 (W.D.N.Y. Oct. 19, 2009).  Plaintiff alleges that he was
subject to discriminatory retaliation because he complained of his
co-worker's alleged misconduct and because he filed an EEOC claim
and commenced this lawsuit in the district court.  Pl.'s Proposed
Am. Compl. at ¶¶ 17, 20-23.

        To establish a *prima facie* retaliation claim, Plaintiff must
show that: (1) he participated in a protected activity;

(2) Defendant was aware of Plaintiff's protected activity; (3) he suffered a materially adverse employment action; and (4) there was a causal connection between the protected activity and the adverse action.  Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 fn. 6 (2d Cir. 2011); Stewart v. The City of New York, 2012 U.S. Dist. LEXIS 96998, at *28 (S.D.N.Y. July 10, 2012)(citing Burlington N. v. Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)). "At the pleading stage, Plaintiff 'need not establish [such] a prima facie case of discrimination, but must nonetheless allege evidence stating a plausible claim of retaliation." Stewart, 2012 U.S. Dist. LEXIS at *28-29 (citations omitted).

This Court finds that Plaintiff has not stated a plausible claim for retaliation under Title VII or the NYSHRL based on the alleged "Correctable Offenses" memo, because this does not constitute a materially adverse employment action.  However, this Court finds that  Plaintiff's other allegations, being accepted as true and with all inferences being drawn in Plaintiff's favor, state plausible claims for retaliation.

## II.  **Plaintiff's Proposed Amended Complaint**

### A.  **Plaintiff Did Not Suffer a Materially Adverse Employment Action When He Received a Non-Disciplinary Counseling Memo.**

To establish an adverse employment action, Plaintiff must show that the Defendant's actions caused a materially adverse change in the terms and conditions of his employment.  Specifically, "a

plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Kessler v. WestChester County Dep't Of Soc. Servs., 461 F.3d 199, 207 (2d Cir. 2006)(quoting Burlington, 548 U.S. at 68). "Whether a particular [action] is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Id. at 209. Actions that are "trivial harms" – i.e. "those petty slights or minor annoyances that often take place at work and that all employees experience" – are not materially adverse. Tepperwien, 663 F.3d at 568 (quoting Burlington, 548 U.S. at 68)(citation omitted).

Plaintiff alleges that a "Correctable Offenses" memo that he received was a materially adverse action, because he was "disciplined unnecessarily." Pl.'s Proposed Am. Compl. at ¶ 17, 19. The document, however, was a "non-disciplinary coaching/counseling" document. Dkt. 12-1, Ex. B. Although Plaintiff consistently refers to this document as a "Correctable Offenses" memo, that phrase does not appear anywhere on the document. Plaintiff also relies upon language allegedly quoted from the "Correctable Offenses" memo to support his argument that it was materially adverse, but this language does not appear

-7-

anywhere in the document that he provided with his answering papers.  For example, Plaintiff alleges that the memo states that if Plaintiff "[did] not meet the basic responsibilities or standards of conduct expected of employees, appropriate corrective action will be taken, **up to and including termination**."  Pl.'s Proposed Am. Compl. at ¶ 17 (emphasis in original).  The document states, however, that: "If this situation is brought fourth [sic] again **an official progressive counseling form will be completed which could ultimately lead to termination**."  Dkt. No. 12-1, Ex. B.

The document discusses the ongoing problems between Plaintiff and his co-worker (Pedro), and explains that both men met previously with Supervisor Cleaveland and General Manager Dodson to "address [Plaintiff]'s concerns and agree on a path forward."  The document also states that both men were expected to comply with the policies pertaining to appropriate personal interaction.  Id.  The counseling memo focuses on the conflict between Plaintiff and Pedro and was not directed at Plaintiff individually.  Under these circumstances, this Court finds that the memo was not materially adverse.  See Tepperwien, 663 F.3d at 570-71 ("[I]t [is] not likely that counseling of this nature, which was given to other employees as well, would deter a reasonable employee from complaining of discrimination.").

Even if the counseling memo was disciplinary in nature, however, "[t]he fact that Plaintiff received notice of discipline

or other forms of scrutiny from Defendant does not show that Defendant retaliated against Plaintiff. Employee investigations, unwanted scrutiny from supervisors, and negative performance evaluations without attendant negative results or deprivation of position/opportunity, do not sufficiently constitute adverse employment actions under Title VII." <u>Wright v. Monroe Cmty. Hosp.</u>, 2011 U.S. Dist. LEXIS 82809, *22-23 (W.D.N.Y. July 28, 2011), <u>aff'd</u> 493 F. App'x 233 (2d Cir. 2012)(citing <u>Lee v. N.Y.S. Dep't of Health</u>, 2001 U.S. Dist. LEXIS 11287 at *45-46 (S.D.N.Y. Mar. 26, 2001)). The Court of Appeals has held that "in the context of the issuance of a 'counseling memo,'... 'criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action.'" <u>Tepperwien</u>, 663 F.3d at 570 (quoting <u>Weeks v. N.Y. State (Div. Of Parole)</u>, 273 F.3d 76, 86 (2d Cir. 2001)(citation omitted)).

Further indication that the counseling memo was not materially adverse, that is, that it would not dissuade a reasonable worker from making a charge of discrimination, is the fact that Plaintiff filed an EEOC charge. Pl.'s Proposed Am. Compl. at ¶¶ 4, 20. "[W]hile the [] test is an objective one, it is relevant that [Plaintiff] himself was not deterred from complaining." <u>Tepperwien</u>, 663 F.3d at 572; <u>see also</u> <u>Somoza v. Univ. of Denver</u>, 513 F.3d 1206, 1214 (10th Cir. 2008)("[T]he fact that an employee

continues to be undeterred in his or her pursuit of a remedy... may shed light as to whether the actions are sufficiently material and adverse to be actionable.").

For the reasons stated, this Court finds that the counseling memo was not a materially adverse employment action, and thus Plaintiff has not stated a plausible claim for retaliation based on the memo.  Accordingly, Defendant's motion to dismiss is granted with respect to this allegation.

### B.   **Plaintiff's Remaining Allegations State A Plausible Claim for Retaliation.**

Plaintiff also alleges that he suffered retaliation because "all of [his] co-workers are permitted to change their work times to either come in early and leave early, or to come in late and stay late.  Plaintiff did this on one occasion and was admonished that he would be terminated if he ever did this again."  Pl.'s Proposed Am. Compl. at ¶ 25.  He further alleges that he suffered materially adverse actions because he "is constantly being followed by management and his vehicle is being examined, photographed by General Manager Karen Dodson," and because Dodson "constantly mock[s] [him] in front of other co-workers and humiliat[es] him in an effort to get [him] to quit."  Id. at ¶¶ 26-27.

The reasonable employee standard is objective, but "[c]ontext matters."  Hicks v. Baines, 593 F.3d 159, 165 (quoting Burlington Northern, 548 U.S. at 68-69).  The impact of workplace behavior "'depends on a constellation of surrounding circumstances,

expectations, and relationships,'" thus "an act that would be immaterial in some situations is material in others." Id. (citing Burlington Northern, 548 U.S. at 69). "'A schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to [other workers]." Id. Furthermore, "context can diminish as well as enlarge material effect." Hicks, 593 F.3d at 165.

To determine if conduct amounts to an adverse employment action, "the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently "'substantial in gross'" as to be actionable." Id. (citing Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 227 (2d Cir. 2006) ("[T]his ridicule was considered a part of a larger campaign of harassment which though trivial in detail may have been substantial in gross, and therefore was actionable." (internal quotation marks omitted)).

Plaintiff alleges that after he complained of discrimination he was treated differently from other employees, verbally abused by a supervisor, and subjected to unwanted scrutiny of his vehicle that was seemingly unrelated to his job duties. Viewing these allegations in the light most favorable to Plaintiff, this Court finds that the challenged actions might have dissuaded a reasonable worker from making or supporting a charge of discrimination. While each action alone may be considered a "petty slight," this Court

finds that taken together, Plaintiff has at least alleged a plausible claim for relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."). Accordingly, Defendant's motion to dismiss is denied regarding Plaintiff's remaining allegations.

## CONCLUSION

For the reasons stated, Defendant's motion to dismiss is granted with respect to Plaintiff's claim that he suffered materially adverse employment action when he received a counseling memo. Defendant's motion to dismiss is denied regarding Plaintiff's remaining allegations.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    July 30, 2013
          Rochester, New York